And with that, if my colleagues are ready to proceed, I'll call the last case of the day that we're going to hear on argument that is Elliot Gelber versus AKAL Security. Shall I begin, Your Honor? Yes. Again, I don't see you until you've been speaking, so I'm glad you're there and you may proceed. Very good. Thank you. Good morning. May it please the court. My name is Jenna Reinhart-Receiff. I represent AKAL Security in this appeal. This appeal concerns one of four nearly identical cases that have been filed across three jurisdictions. The Fifth Circuit, a case pending in the Western District of Louisiana, now on appeal to the Fifth Circuit. The Ninth Circuit, two cases, both in the District of Phoenix. One has been appealed to the Ninth Circuit and finalized. One has stayed in the District of Phoenix pending the outcome of multiple appeals. And this case currently pending before you in the Eleventh Circuit. The issue at its most bare is whether employees whose work sites are airplanes can have bona fide meal periods. The conclusion to this issue is really, it's quite simple. So long as Fair Labor Standards Act regulation implemented by the Department of Labor, 29 CFR Section 785.41 is accorded the great weight that this court, the Eleventh Circuit, has instructed that Department of Labor FLSA regulations be given. Section 785.41 states in relevant part that an employee who drives an airplane or is required to ride therein as an assistant or helper is working while riding except during a bona fide meal period. So the first of these four nearly identical cases to reach penalty was Alonzo versus Acal, and that was in the Ninth Circuit. In that case, the Ninth Circuit affirmed the District Court in Phoenix on summary judgment in favor of Acal on virtually identical facts and applying the same legal standard that the Eleventh Circuit applies, which is the completely relieved from duty standard for determining whether meal periods should be compensated. So in that Alonzo case, the… Can I just ask you a quick question? Yes, Your Honor. Just so everybody's on the same page. I was looking through papers in front of me, but I want to make sure that I heard you correctly. So does everybody then agree that the standard here with respect to meals specifically is the standard in 785.19, the completely, you call it the completely relieved of standard? So the current standard in the Eleventh Circuit Court of Appeals is completely relieved from duty. Yes. And when you say, I mean, for a three-judge panel purposes, the current standard is the standard that governs this case, right? Correct. There's nothing we can do about that. That is the standard. There is nothing you can do about that. That is the standard, and it is a standard that wholly allows this court to rule in favor of Acal's security in this case. There is no need in this case for the court to seek to change that standard, for us to seek on bonk review to change that standard. The completely relieved from duty standard and the facts at issue in this case wholly weigh in favor of Acal's security emerging successfully from this case at summary judgment. What about the sort of the latter half of that regulation? It's not just completely relieved from duty, but for the purposes of eating a regular meal. When you just arbitrarily shave out an hour, how can we say that that hour sort of free-floating is for the purpose of taking a meal? So there is nothing arbitrary about the hour being shaved out. Any time that these ASOs are traveling internationally, they are returning to Miami in every instance. And the record reflects that 99% of the time that they're returning to Miami, they are returning without detainees on the flight. And every time that they are returning without detainees on the flight internationally, those flights are greater than 90 minutes. The meal period policy that all of these ASOs signed and agreed to in their offer letters, as well as what their union agreed to in the collective bargaining agreement, explicitly states that on those return flights, they will have a one-hour meal period that will not be compensated. So every time that those ASOs have an international flight, which is part of a schedule that they are alerted to in advance of the week, they will have a one-hour meal period, they are aware of it, and they agreed to it when they accepted the position and signed their offer letters. Can I piggyback on Judge Newsom's question there? What is the relevance of the fact that the conditions on the plane are probably unsanitary for the purpose of taking a meal requirement? If an employee can't eat a meal because the employer requires the employee to stay in an unsanitary space, can there be a bona fide meal period? Yes, there can be a bona fide meal period. So the testimony from the ASOs is that they do, in fact, eat on the plane. The testimony in the record is that the ASOs will eat sandwiches on the plane, in fact, with the detainees present, and that the ASOs will also bring meals to eat when the detainees are not on the plane. There is testimony that the ASOs will bring their own personal pillows and blankets. Some of them will lay down across the seats to sleep on the plane. And so any conclusion that the plane was unsanitary was actually rejected as irrelevant by the district court and not relevant to the determination of whether they could have a meal period. But the evidence in the record from the ASOs is that they do, in fact, eat on the plane, and that they do, in fact, also bring their personal items to sleep on the plane. So do I understand correctly that you don't deny that the entirety of the flight, the return flight, is compensable, correct? So the entirety of the empty return leg is compensable except for the meal period, pursuant to Section 785.41, yes. And is, in fact, compensated. In the real world, what distinguishes the so-called meal hour from the remainder of the flight? It sounds to me like the whole time they're just kind of footloose and fancy-free, watching movies and sleeping or whatever. So what distinguishes meal time from the other part of the return leg? What distinguishes? In terms of completely relieved from. I'm sorry? In terms of completely relieved from. It seems like they're either completely relieved from for the whole time or never. But there's nothing unique about meal time, right? So in this particular employment scenario, these ASOs have the benefit of not having to perform duties for the entire empty return leg. A CAL could have imposed duties on these ASOs for the entire empty return leg, had they not had the meal period policy in place, for example. The time that they are on that plane returning back to Miami is work time. Section 785.41 tells us that for employees who are required to ride on a plane as part of their work, that's work time. And so a CAL could have absolutely imposed some type of duty on them. For example, you'll see in some of the case law, the employers will impose on their employees the obligation to read policies that are related to work or engage in training, watch training videos that are related to work. A CAL opted not to require their ASOs to do that and instead allowed their ASOs to relax and enjoy that time the whole time they were returning on the empty return leg. So the ASOs here enjoyed the benefit of that free time for two and a half hours. And they were lucky. They were paid for an hour and a half of that free time. And only one hour of that was an unpaid meal period. However, were a CAL to have elected to, it could have said, hey, look, for the one and a half hour that we're paying you, we're actually going to impose work duties on you. A CAL just elected not to do that. Certainly, it shouldn't be to a CAL's detriment that it elected to allow its ASOs to have additional period of paid relaxation because it then still imposed its unpaid meal period on those ASOs for one hour of, say, for example, that two and a half hour period. All right. Thank you. Judge Newsome, you're done for now. I'm done. Good. Go ahead. Okay. You've saved five minutes for your rebuttal, and we'll give that to you. First, we'll hear from Mr. Sampson. Thank you, Your Honor. May it please the court. Daniel Sampson on behalf of Plaintiff Appellees and Cross Appellants. The main appeal, boiled to its essence, regards whether a bona fide meal break can be taken under the unique facts and circumstances of this airplane. One can imagine under 785.41, airplanes where a bona fide meal break can be taken. But, for example, an airplane that has crew quarters, no such thing on this plane. And determining whether or not a bona fide meal break occurred is determined under totality of the circumstances as a practical matter whether or not a bona fide meal occurred. The factors here are that the ASOs are required to stay at their workstation. This is like the factory floor, not the factory itself. They stay in the same specific workplace, whether or not they're on a break or not. They can't do any personal business related to the confines of an airplane. They don't actually eat a meal because it's the end of the day and they had to eat their meal during the mission. They have duties when they return to MIA, unloading shackles and handcuffs and water bags from the plane. They're ready for work the next day by having been on the plane. So there's an available pool of workers as determined in this court's decision in Kohlheim. And as this court noted, the plane is unsanitary. There's vomit and urine odors. The only circumstance supporting ACAL is there's no detainees on the plane during the empty return leg. But that just means there's less work, not no work. Their own corporate representative, Janet Gunn, testified that part of the job is returning to MIA after a long shift. That's DE 120-2 at 10 and 44. If having no detainees on the plane is dispositive, ACAL, as counsel just candidly stated, ACAL could render the entire empty return leg a meal break. And then essentially that. Wait, wait, wait. You're saying ACAL could say that the entire empty return leg is a meal break? Would the Department of Labor regulations permit that? Yes. Under ACAL's legal analysis and their laser-like focus on the fact that there's no detainees aboard, nothing would prevent them. There's no regulation that says a meal break is one hour. There's no time on it. No one is required to give a meal break. The regulations don't require the meal break. And so they could, under their legal analysis, that because there's no detainees on board, no work is being done. There is no difference between non-break time and break time. And they could arbitrarily determine, instead of docking one hour of pay, docking the entire flight's pay. But that's certainly not the case here. And let me just ask you about your response brief. You concede that it is undisputed that the ASOs have few, if any, affirmative responsibilities on the empty return legs, correct? That's true. Essentially, the testimony is they have 10 to 15 minutes of work, and the rest is they don't have affirmative duties. But as this court stated in Kohlheim and is in the regulation, even inactive work can be determined as work. And so they are essentially engaged to wait. And at first, the reply brief states that that argument is waived. That's not so. In our motion for summary judgment, DE 119 at 5, 7, and 8, in which it's argued that they were engaged to wait. And so they're essentially on this plane. Although they're doing nothing on the plane, they have duties when they get to the tarmac. And so the question is whether or not they are working while traveling, because they are essentially, again, they're required to be on the plane. That's one factor under the totality of circumstances. They don't actually eat a meal. And it simply is not dispositive that there's no detainees aboard. But I understand the court's question. Can I ask you about your premise that they don't eat a meal? What if they do? You know, it's hard for me to believe nobody ever eats a meal on the return leg. So just assume for me that they do. Is a call entitled to deduct for the meal time under those circumstances? Well, I would say that there's the totality of the circumstances, including all the issues I just listed. Assume all that's true, except for they do eat a meal. You said they never eat a meal. Just assume they do. They take an hour, they eat a meal. Does it count? No, just whether or not you eat a meal is not dispositive. That's because this is all decided under the totality of the circumstances. And even if that circumstance was shifted to a call aside, I would still argue that they can't get away from the workplace. They have duties on the tarmac. They're ready for there's an available pool of workers for the next day. And it's an unsanitary plane that those. What about this? What if a call said, OK, every time you get on the plane for the return flight, you know, this hour is set aside for the purposes of eating a regular meal. You can't do anything else during that time, but eat a regular meal. Then do they get to deduct? I don't think so, Your Honor, because, again, all of the factors that I've just listed would still apply. The if a cow, they say, don't do any work. That is essentially what they say. But they're not actually doing anything different. Imagine one if an ASO eats a meal. It takes five or 10 minutes to eat it. They bring on, you know, a lunch bag and they're still eating in an unsanitary plane. They're still it's not regularly scheduled. And more most importantly, they a cow actually tries to run some sort of deception in which every day that they note that the meal break occurs from 12 p.m. to 1 p.m. When that never happens because there's detainees aboard. And so, again, I mean, you're changing my hypothetical. I say I apologize. They take an hour to eat because they're told that's what they have to do. They have to have a regular meal and eat it. And they have an hour set aside and there's no detainees on board. Still, you say you win. Yes. And so the 785.19 speaks of a factory worker required to take lunch at his machine. So the ASOs are in the same position under your hypothetical there. They are required to stay at their workplace to eat. They don't. There's no separate workstation where their stay on the plane in the same space that they're in. All right. Here's a new hypothetical. What if they set aside. OK, here's some you move from the seat that you sit in when you're traveling and you go to this other chair and you eat there and you can't do anything else for that hour but eat a regular meal. Do you still win? I think so. It's not as if they're changing seat to seat is not the same as going to, let's say, on the factory floor in a factory. There's a separate space for where you can take your lunch. And even in those cases, the factors would be, again, they're confined to their workspace, whether it's one, whether it's a seat in the front of the airplane or in the back of the airplane. The entire airplane is their job site. It's there is no separate crew quarters. I would agree that if there was a separate crew quarters and they were told to go, we would lose. Probably, although there would still be other factors to consider. But assuming there were crew quarters, it would be a very different story and it would be very difficult to argue that we would win under those circumstances. Or if there were, as in the trucking cases, which is what 75.41 is generally in the case in the decisional authority, such as Nance cited by both parties. If there are sleeper berths on the truck and you go into a sleeper berth, even though it's a cramped, confined space, then that's still a break period. But that's not what those simply aren't the facts of this case. The facts of this case are. What do you do about 785.41 that talks about employees who are quote required to ride on a plane? I mean, you can't step off to go eat. That's just why it's one. That's why being confined to the airplane is one of many circumstances that we argue in the totality of the circumstances. And again, I can imagine scenarios in which there could be a bona fide meal break for airline employees, such as if there's a separate one. You said you can imagine. Separate crew quarters. OK, give me that. A sleeper berth, like assuming there was some sort of area where they could go and lay down and rest comfortably. So basically what you're saying is they would have to rebuild the plane in order to enforce this unpaid meal hour. As I know, I'm saying that. Well, what I know, Your Honor, I apologize if that's how it came about. I can't think of another way that you're saying that you lose other than if they rebuild the plane to have a separate crew quarters or a bed. But we're going to call in a meal in bed anyway. That's why on this plane, there can be no bona fide meal break. Just to be clear, I'm just asking for an example other than one that requires that a call rebuild the plane that would allow them to deduct for this meal. Or if there isn't one, tell me. There isn't one, but the regulation, that's how you would harmonize that regulation, is that one can imagine airplanes in which a bona fide meal can be taken. Or another example would be a pilot obviously can't have a bona fide meal break when they're driving the plane. And so what this regulation seems to contemplate is let's say a pilot has a 10-hour shift and they fly for two hours and then have a two-hour break. They can have a break during that downtime when they're at the airport. So what I'm saying is you can rule for the Appleese and not rule that there is never a bona fide meal break on any airplane. But you're really saying that though, aren't you? You're saying that unless there's a separate crew quarters on an airplane, the fact of being on an airplane means that a call is never going to win this case. Yes, at least under the facts that have been developed on this record. I'm unclear whether or not, I apologize. Well, no, I was just going to say, and just a curse to me as we're sitting here, you do realize though, I assume you recognize the logical extension of your argument. If you were to win today, a call would be free to impose duties on your folks the entire return flight. They would be free to do that regardless. And they don't now. So that just occurs to me as we're sitting here. This is Judge Newsom. I just want to be clear. So like, is this like a hill you have to die on to win this case? I mean, isn't the answer to these questions, maybe you're worried about the next case. But for this case, don't you just have to say, look, a call didn't say 10 minutes after takeoff, everybody takes an hour for meal. Here, there's no distinguishing between so-called meal time and so-called watch movie time. I don't think I understand why you're pressing so hard against these hypos, except to forestall the next case. No, that's not why, Your Honor. I'm simply attempting to answer the questions that are being asked. But I agree with you that a call doesn't tell them when their meal break is. They simply automatically deduct an hour when there are no detainees aboard. And so I agree that all the hypotheticals are not this case. And as the district court found, this case is relatively unique. Suppose there wasn't a separate crew quarters and a call said, this is the time, we now start the clock on a one-hour meal break, do what you want. Would they win? But the purpose of the time is to eat a regular meal. Yeah, right. It still would be that they're on the totality of the circumstances would militate in favor of the plaintiffs. How? I mean, what else could they do? You can't step off the plane. I mean, if you're saying anytime you're on a plane, you can't deduct for a meal. I understand that argument, but I feel like that's not what you're saying. But I can't figure out any way to allow anybody to ever charge a meal hour on an airplane under the argument you're making. That's not this case, Your Honor. I know, but we have to write an opinion that applies to every case. Well, it actually wouldn't apply to every case because commercial flights, all commercial flights are governed by the Railroad Labor Act, not the FLSA. No, I mean, a case brought under these regulations. I just, I mean, for my part, I don't see how if the employer says, you know, you have this hour and we're going to tell you what the hour is and you have to. I don't see how you win that case. But you say you do. I'm saying that under the totality of the circumstances, the court can still find that because that's what this is. That's what we're asking the court to do is to find, just as the district court did, that ACAL's plane, the plane that they use at MIA, there can be no bona fide meal break on it. We're not, we're not arguing that it wouldn't, in essence. Even though there are no duties, you agree that your clients have no duties on those returned flights. Their duty is to be waiting to unload the plane when it lands at MIA and to establish an available pool of workers for the next day's missions. Any more questions from the panelists? Thank you. Thank you, your honors. Thank you. Let me ask you just one question out of the gate. Is it fatal to your case that you that that ACAL does not designate the specific hour on the return flight as the meal hour? Not at all. In fact, that's exactly where I was going to start your honor. Thank you. So what I would ask the court to do is in ACAL's initial brief at page 33, we discuss the distinction, one on the language of regularly scheduled meals, which is language that we used in Kohlheim. It's in dicta. It is actually not reflective of what's in the Department of Labor's regulation, which uses the phrase regular meal. And then there is citation to case law, which talks about what it means to have a regular meal and how it's been interpreted in the case law. I would reference three cases that are cited there. One is a Tenth Circuit case, Bates versus Department of Corrections. The second is Alozi versus the United States. It's a federal claims court opinion. And the next is Lee versus Coahoma County, which is a Fifth Circuit case. Each of these cases talks about the availability of a meal period being bona fide and properly not compensated, even though that meal period is, as the Fifth Circuit put, catch as catch can. Or as the federal claims court referenced, it can be irregular when officers are responsible for transporting migrants. So it is not necessary that a meal period be scheduled. And particularly in automatic meal deduction cases, it is common for an employer to allow employees to select the timeframe that the employee would like to go to lunch. In fact, it's very common, for example, in health care cases for health care providers to allow nursing staff, for example, to use their automatic lunch deduction time when it's appropriate for them to use it. Say, for example, when they're finished servicing a patient and that's an appropriate time for them to take their break to go to lunch. And so they'll have maybe a 45 minute lunch. The lunch will be automatically deducted for their shift period. They have that break in time. They finish servicing that patient. They can do it at that time at their convenience. In this particular, I'm sorry. So you obviously kind of pushed Mr. Sampson on sort of absurd hypotheticals that his position may or may not generate. Is there anything on your position that would prevent a call from designating the entire return flight as mealtime? Yes, I think there is. Absolutely. And that is the standard that a meal period has to be bona fide. And the while the regulations. It's a big meal. I mean, I don't know. I mean, it just it doesn't seem like there's anything. I mean, you yourself said that, you know, if you're coming, say, from Central America, this might just be a two and a half hour flight or something. It might be shorter. What's the magic of one hour? I can't tell you that I can cite cases because we the issue hasn't been vetted in the briefing and the question hasn't come up previously that the meal period would be longer than an hour. I can simply tell you I've not seen a meal period longer than an hour. I haven't seen case law vetting meal periods longer than an hour. And I do believe that if a meal period longer than an hour were presented to a court, it would be deemed to be an unreasonably long meal period. The Department of Labor regularly. Just because some court would say, in our experience, like we take judicial notice of the fact that people eat lunch for an hour. That seems hard for me to imagine that just given the words, the words bona fide that somebody would say, oh, anything over an hour is per se unreasonable. I don't I'm not sure about that. I don't know that that's the case either, Your Honor, other than to tell you that we typically do talk about the lunch hour. And people are typically given no longer than an hour for lunch. The Department of Labor regulation does say 30 minutes can be deemed sufficient and is generally deemed to be enough. Shorter than that is compensable. All I can say is that the facts of this case are it was not longer than an hour and that they were paid the whole time. I think that what's happened in this case is that because a call did not require the ASOs to work during the flight at all. What's happened is the entire analysis has been conflated. So the empty return leg, having been compensated from start to finish, accepting that one hour, the analysis ended up getting conflated. And the one hour meal period didn't get pulled out because they're not doing anything the entire time. I think that had a CAL required that they work during that time frame, the analysis might have been maybe a little bit easier to have seen that and to put in there that that meal period. May I just ask you, you know a lot more about this area of the law than I do, both you and your opposing counsel, but you talked about the fact that when you hire these ASOs, they have to sign an offer letter that agrees to a meal deduction. I think that's what you said. Correct. Is that pretty standard in all of these cases that y'all are talking about or is that unusual? I mean, is that unique to a CAL? Or do the cases talk about it? Maybe the cases don't even talk about it. Some employers require the agreement, some employers don't. I've seen it vary across cases and across employers in the industries that I've worked in. I hope that's answering your question. Yeah, it does. Thank you. Might I address one quick issue with regard to the space issue, moving the seats or not sitting at your desk, sitting in the factory? You're over your time, but we'll give you 30 seconds to do that. 30 seconds. Thank you very much, Your Honor. One thing I would like to just point out is that the issue about being in the space and whether or not there is a berth to sleep in or whether or not you move to crew quarters or you have a different seat. The issue that is addressed in 785.19B as in Boyd, that an employer can require employees to stay on premises. The issue is not that you have a different physical space to be in. It's whether or not the employer is going to be able to put you at risk of working or threaten you with the work. In this instance, there being no detainees on the plane, there was not the risk that these ASOs were going to be threatened to work. And hence, it doesn't matter whether they could move a seat or go to a crew quarter or have a sleeping berth. You're now at a minute. Thank you. I'm done. I'm sorry. Thank you so much, Your Honor. We will take the case under advisement. And that concludes our arguments for the day and the week. And the court is in recess. Thank you.